UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA

CASE NO.:

IN ADMIRALTY

IN RE:

PETITION OF FLORIDA COMMUNITY
SERVICES CORPORATION OF WALTON
COUNTY d/b/a Regional Utilities, a Florida Not
For Profit Corporation, for Exoneration from or
Limitation of Liability,

    Petitioner.
_____/

## COMPLAINT

Plaintiff, FLORIDA COMMUNITY SERVICES CORP. OF WALTON COUNTY d/b/a Regional Utilities, a Florida Not for Profit Corporation, by and through its undersigned counsel, brings this action against the Defendants, SKANSKA USA CIVIL SOUTHEAST, INC. and FLORIDA DEPARTMENT OF TRANSPORTATION, and allege as follows:

## JURISDICTION AND VENUE

1. This is an admiralty and maritime claim within the jurisdictional of this Court under the provisions of 28 U.S.C. § 1333 and is brought within the meaning of Rule 9(h) and Supplemental Rule F of the Federal Rules of Civil Procedure, as well as Local Admiralty Rule A.

2. This Court has long-arm jurisdiction in this action over Defendant SKANSKA USA CIVIL SOUTHEAST, INC. pursuant to FLA. STAT. § 48.193.

3. Venue has been properly laid within this District as the incident which is the subject matter of this action occurred within the territorial waters within the District.

**PARTIES**

4. At all times relevant hereto, Plaintiff FLORIDA COMMUNITY SERVICES CORP. OF WALTON COUNTY d/b/a Regional Utilities is a not-for-profit corporation organized and existing under the laws of the State of Florida, with its principal place of business at 4432 East US Highway 98, Santa Rosa Beach FL 32459.[1]

5. At all times relevant hereto, Defendant SKANSKA USA CIVIL SOUTHEAST, INC. is a corporation organized and existing under the laws of the Commonwealth of Virginia, with its principal place of business located at 295 Bendix Road, Suite 400, Virginia Beach VA 23452.

6. At all times relevant hereto, the Defendant, FLORIDA DEPARTMENT OF TRANSPORTATION is an agency of the State of Florida, with its principal place of business at 605 Suwanee Street, Tallahassee FL 32399.

**FACTS COMMON TO ALL COUNTS**

7. Defendant, Florida Department of Transportation (hereinafter FDOT"), was and is the owner of the Choctawhatchee Bay Bridge, also known as the Clyde B. Wells Bridge.

8. As part of the US 331 widening project, FDOT engaged as its prime contractor, SKANSKA USA CIVIL SOUTHEAST, INC. (hereinafter "SKANSKA").

9. SKANSKA as contractor and FDOT as owner constructed a new two-lane bridge to handle northbound traffic for US 331 under Project I.D. 220664-2-52-01.

10. The existing two-lane Clyde B. Wells Bridge is now dedicated solely to the

---

[1] The Plaintiff has filed this civil action for the entirety of the losses even though some, but not all of the losses, have been paid by proceeds from the Plaintiff's insurance. The insurer, Travelers Property Casualty Company of America ("Travelers") has a subrogation right for some, but not all of the losses, and maintains a right of subrogation to a portion of the claim set forth herein. Upon the request of the Defendants, or at the direction of this Court, Travelers will file an affidavit of ratification of this Claim.

southbound lanes of US 331.

11. Part of the work ongoing for the new two-lane span involved pile-driving precast piles for the new two-lane span into the seabed.

12. This work included the use of barges, crane booms and other equipment.

13. The construction also included floats used to carry the caissons for the new bridge's foundation.

14. As noted above, SKANSKA, as FDOT's prime contractor, was retained to perform these activities.

15. The Plaintiff, FLORIDA COMMUNITY SERVICES CORP. OF WALTON COUNTY d/b/a Regional Utilities (hereinafter "REGIONAL UTILTIES"), was the owner of charted water lines on both sides of the Clyde B. Wells Bridge.

16. The water line was secured to and buried into the seabed.

17. The Defendants, SKANSKA and FDOT, had actual and constructive notice of these water lines, which appeared on nautical charts and in other records.

18. Upon information and belief, the charted water lines are in a "no anchor" zone.

19. During the project, a water line located just off the anchor end of one of the pile-driving barges sustained impact damage.

20. The damage was discovered on or about November 23, 2016, shortly after the completion of the new two-lane span on or about May 14, 2016.

21. As a result of the damage, REGIONAL UTILITIES retained a contractor to lift the damaged water line, document its condition, and make repairs.

22. The costs associated with the property damage and subsequent repairs totaled $682,357.38, exclusive of interest.

23. On February 15, 2018, the Plaintiff complied with all conditions precedent to

filing suit against FDOT pursuant to FLA. STAT. § 768.28(6).

## COUNT I
## NEGLIGENCE – SKANSKA

Plaintiffs restate and re-allege the allegations contained in paragraphs 1-23 above, and further allege:

24. At all times relevant hereto, Defendant SKANSKA and its employees and agents were engaged in the operation of a crane in connection with pile-driving activities related to the construction of the new two-lane span as well as the use floats to carry caissons for the bridge foundation, also as part of the project.

25. In going about its work, the Defendant, SKANSKA was under a duty to exercise reasonable care and to perform the work in a workmanlike manner to avoid damage to property of others and injury to persons.

26. The Defendant, SKANSKA, breached the aforementioned duty and failed to perform its work in a workmanlike manner when its employees or agents negligently operated the crane by: failing to operate the crane and perform the pile-driving operation in a safe manner; failing to properly perform construction activities in the presence of charted water lines without damaging this infrastructure; failure to properly perform anchorage of its barge and to operate the crane without damage to adjacent property; failure to conduct the pile-driving activity per applicable codes and industry and safety standards; and the failure to employ competent and trained personnel to operate the crane.

27. The negligence of the Defendant, SKANSKA, was the proximate cause of the damage to REGIONAL UTILITIES' charted water lines, and other reasonable and necessary costs incurred by the owner of this infrastructure as a result of the incident.

**WHEREFORE** Plaintiff, FLORIDA COMMUNITY SERVICES CORP. OF WALTON COUNTY d/b/a Regional Utilities, demands judgment against the Defendant, SKANSKA USA

CIVIL SOUTHEAST, INC., for the damages described above, together with pre-judgment interest from the date of the incident, taxable fees and costs, and any other relief this Court may deem just and proper.

## COUNT II
## STRICT LIABILITY FOR ULTRAHAZARDOUS OR ABNORMALLY DANGEROUS ACTIVITY– SKANSKA

Plaintiffs restate and re-allege all allegations contained within paragraphs 1- 23 above and further allege:

28. The crane employed by the Defendant, SKANSKA, is a dangerous instrumentality.

29. The owner and/or operator of a crane has a non-delegable duty to ensure its safe operation.

30. Moreover, the pile-driving activity being conducted by the Defendant, SKANSKA, is an ultrahazardous or abnormally dangerous activity with a high degree of risk of some harm to the person, land or property of others.

31. The pile-driving activity created a risk that is not a common usage or a usual incident of ordinary life.

32. As a result, one performing this type of ultrahazardous or abnormally dangerous activity is strictly liable, without fault, for any loss occasioned by that activity.

**WHEREFORE** Plaintiff, FLORIDA COMMUNITY SERVICES CORP. OF WALTON COUNTY d/b/a Regional Utilities, demands judgment against the Defendant, SKANSKA USA CIVIL SOUTHEAST, INC., for the dangerous instrumentality and for the ultrahazardous/abnormally dangerous work, for all damages described above, together with pre-judgment interest from the date of the incident, taxable fees and costs, and any other relief this Court may deem just and proper.

## COUNT III
## NUISANCE – SKANSKA

Plaintiffs restate and re-allege all allegations contained within paragraphs 1- 23 above and further allege:

33. The Defendant, SKANSKA, conducted its activities during the bridge construction and the barge outfitted with the crane in an unreasonable manner that damaged the infrastructure of REGIONAL UTILITIES and substantially interfered with its use and enjoyment for an extended period of time.

34. The methods employed by the Defendant, SKANSKA, resulted in an impact damage to the charted water line of the Plaintiff.

35. The Defendant, SKANSKA, through its acts and/or omissions with respect to the barge, crane, floats and other equipment, as more fully set forth above, caused the damages to the infrastructure of REGIONAL UTILITIES and the other damages as more fully set forth above.

**WHEREFORE** Plaintiff, FLORIDA COMMUNITY SERVICES CORP. OF WALTON COUNTY d/b/a Regional Utilities, demands judgment against the Defendant, SKANSKA USA CIVIL SOUTHEAST, INC., for the damages described above, together with pre-judgment interest from the date of the incident, taxable fees and costs, and any other relief this Court may deem just and proper.

## COUNT IV
## TRESPASS – SKANSKA

Plaintiffs restate and re-allege all allegations contained within paragraphs 1-23 above, and further allege:

36. The Defendant, SKANSKA, conducted its activities during the bridge construction and the barge outfitted with the crane in an unreasonable manner that damaged the infrastructure of REGIONAL UTILITIES through intentional reckless, or negligent entry into

the area where Plaintiff placed its charted water lines.

37. The methods employed by the Defendant, SKANSKA, resulted in an impact damage to the charted water line of the Plaintiff.

38. The Defendant, SKANSKA, through its acts and/or omissions with respect to the barge, crane, floats and other equipment, as more fully set forth above, caused the damages to the infrastructure of REGIONAL UTILITIES and the other damages as more fully set forth above.

**WHEREFORE** Plaintiff, FLORIDA COMMUNITY SERVICES CORP. OF WALTON COUNTY d/b/a Regional Utilities, demands judgment against the Defendant, SKANSKA USA CIVIL SOUTHEAST, INC., for the damages described above, together with pre-judgment interest from the date of the incident, taxable fees and costs, and any other relief this Court may deem just and proper.

### COUNT V
### VICARIOUS LIABILITY – FDOT

Plaintiffs restate and re-allege all allegations contained within paragraphs 1-38 and further alleges:

42. Upon information and belief, the Defendant, FDOT, as owner of the Choctawhatchee Bay Bridge, entered into an agreement with a prime contractor, SKANSKA USA CIVIL SOUTHEAST, INC., to perform certain improvements, specifically a new two-lane span for the subject bridge.

43. As owner of the bridge, Defendant FDOT had a non-delegable duty to maintain its property in a reasonably safe condition so as not to endanger persons and property.

44. While the task of the bridge construction was delegated to SKANSKA USA CIVIL SOUTHEAST, INC., liability for its proper performance remains with the owner charged with the non-delegable duty to maintain the property and equipment being used on it in a safe condition.

45. The Defendant, FDOT, is vicariously liable for the acts and/or omissions of SKANSKA USA CIVIL SOUTHEAST, INC., as more fully set forth above.

**WHEREFORE** Plaintiff, FLORIDA COMMUNITY SERVICES CORP. OF WALTON COUNTY d/b/a Regional Utilities, demands judgment against the Defendant, FLORIDA DEPARTMENT OF TRANSPORTATION, for the damages described above, together with pre-judgment interest from the date of the incident, taxable fees and costs, and any other relief this Court may deem just and proper.

LAW OFFICES OF JAMES W. KEHOE, III
Counsel for FLORIDA COMMUNITY SERVICES
3230 West Commercial Boulevard, Ste. 250
Fort Lauderdale, Florida 33309
Mailing Address:
P.O. Box 2903
Hartford, CT 06104-2903
Telephone No.:  (954) 677-3707
Facsimile No.:  (866) 292-4641
Primary email: MReilly5@Travelers.com
Secondary email:
medmond2@travelers.com

By: _____
    MICHAEL J. REILLY, ESQ.
    Florida Bar Number:  56884