UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

FLORIDA COMMUNITY SERVICES CORP.
OF WALTON COUNTY,

      Plaintiff,

v.                                       Case No. 3:19-cv-77-HTC

SKANSKA USA CIVIL SOUTHEAST, INC. and
THE FLORIDA DEPARTMENT OF TRANSPORTATION

      Defendants.
_____/

ORDER

This matter is before the Court on Plaintiff's motion to reopen this case (ECF Doc. 39), and the parties' Notice of Consent (ECF Doc. 41). Upon consideration, the Plaintiff's motion is GRANTED.

Plaintiff Florida Community Services Corp. of Walton County d/b/a Regional Utilities ("Regional Utilities") filed this action on January 15, 2019, against Defendants Skanska USA Civil Southeast, Inc., and the Florida Department of Transportation ("FDOT") under 28 U.S.C. § 1333, on the basis of admiralty jurisdiction. ECF Doc. 1 at 1. As alleged in the complaint, this suit arises out of damage to Regional Utilities' submerged water lines, which allegedly occurred during the construction (widening) of the Clyde B. Wells Bridge owned by the FDOT. Skanska was the FDOT's primary contractor for the bridge project.

Regional Utilities alleges the water lines were damaged by pile driving activities or the anchoring of a barge carrying pile driving equipment.

The Court ordered supplemental expert reports to be provided by December 30, 2019, discovery to be closed on February 27, 2020, and dispositive motions to be filed on March 20, 2020.  ECF Doc. 32.  After the expert disclosure deadline had passed and just prior to the discovery deadline, Regional Utilities moved to voluntarily dismiss the case without prejudice, which was consented to by the Defendants.  ECF Doc. 35.  The motion was based on a variety of issues that prevented Reginal Utilities from meeting the agreed upon discovery and expert deadlines.  *Id.*  The Court granted the motion on January 7, 2020.  ECF Doc. 38.

Regional Utilities now seeks to reopen this case, and the Defendants have consented to having the case re-opened.  ECF Doc. 41.  Specifically, Regional Utilities represents that it has retained a new causation expert and a report has been prepared and provided to Defendants' counsel.  ECF Doc. 39.

The Court's order granting Regional Utilities' motion to dismiss is a final judgment under Federal Rule of Civil Procedure 60(b).  *See Williams v. Frey,* 551 F.2d 932 (3d Cir.1977)*, abrogated on other grounds  Torres v. Oakland Scavenger Co.,* 487 U.S. 312 (1988).  Thus, Regional Utilities' motion to reopen is more properly considered as a Rule 60(b)(6) motion to vacate, alter or amend a judgment.[1]

---

[1] When Plaintiff moved to dismiss the case, the Court granted the motion by Minute Order, but

Rule 60(b)(6), the so called "catch-all provision," allows the vacating of a judgment

for "any other reason that justifies relief," but is only available in "extraordinary

circumstances." *Pioneer Inv. Services Co. v. Brunswick Assoc. Ltd. Partnership*,

507 U.S. 380, 393 (1993). Unlike a Rule 60(b)(1) motion, a Rule 60(b)(6) motion

is not subject to a specific time limit, although such motions must also be made

"within a reasonable time." *Id.*

Regional Utilities filed the instant motion almost one year after the case was

dismissed. Although at least one Circuit uniformly denies motions under Rule

60(b)(6) which are filed more than three (3) months after judgment, *Brannum v.*

*Buriltanu*, No. 96–302, 1999 WL 680007, at *2 (D.D.C. July 28, 1999) (collecting

cases and finding that this Circuit almost always denies 60(b)(6) motions filed more

than three months after judgment is filed), the Court finds the motion to be filed

within a reasonable time in this case. *See Scott v. U.S. E.P.A.,* 185 F.R.D. 202, 206

(1999) ("in light of plaintiff's dogged and timely pursuit of her claims, the Court

---

did not enter a separate judgment. Rule 58(c) states that "judgment is entered ... [when] entered in the civil docket ... and the earlier of these events occurs: it is set out in a separate document; or 150 days have run from the entry in the civil docket." In other words, when a district court enters an order that would otherwise constitute a final judgment but fails to set it forth in a separate document as required by Rule 58, the judgment is nevertheless considered final 150 days later. *See Cambridge Holdings Group, Inc. v. Fed. Ins. Co.,* 489 F.3d 1356, 1363–64 (D.C.Cir.2007). As a result, the Court still properly views Plaintiff's Motion as one for relief from either a judgment or a final order under Rule 60. *See Goddard v. Service Employees International Union Local 32BJ,* 310 F.R.D. 190 (D.D.C. 2015)

concludes that the motion was filed within a reasonable time [under Rule 60(b)(1)]").

Namely, Regional Utilities diligently sought a new expert after the dismissal and worked with the Defendants to have its expert perform necessary testing. ECF Doc. 39 at 2-3. The testing was delayed because of COVID-19, and was not completed until September 2010. ECF Doc. 3. The lab results were returned in October, and Regional Utilities' expert published its opinion in November, with a copy provided to Defendants' counsel. *Id.* The parties then discussed reopening the case on December 1, and the instant motion was filed shortly thereafter. *Id.*

The Court also finds that extraordinary circumstances warrant granting the motion. According to the parties, written discovery has been conducted and over 30,000 pages of documents have been produced. Additionally, experts have been disclosed and the parties have also mediated the case. Thus, the Court finds judicial efficiency to be best served by re-opening this case, particularly since no party objects, then requiring the case to be re-filed and the parties to essentially start anew.

Accordingly, it is ORDERED that:

1.      Plaintiff's motion to reopen (ECF Doc. 39) will be treated as a Rule 60(b) motion to vacate the Court's dismissal and is GRANTED.

2.      The clerk shall vacate the Order at ECF Doc. 38.

3.      The clerk shall reopen this case.

Case No.: 3:19-cv-77-HTC

4.     A status conference for the purpose of establishing a scheduling order and trial date is set for **January 27, 2021, at 2:30 PM in Courtroom 3N, One North Palafox Street, Pensacola, FL 32502**.  The parties are directed to meet and confer prior to the status conference and be ready to select dates for the completion of discovery, filing of dispositive motions, and the setting of a trial date.  Any party desiring the services of a court reporter will be responsible for procuring one and making all necessary arrangements.

DONE AND ORDERED this 13th day of January, 2021.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

**NOTE:**
**If you or any party, witness, or attorney in this matter have a disability that requires special accommodation, such as a hearing impairment that requires a sign-language interpreter or a wheelchair restriction that requires ramp access, please contact the clerk's office at least one (1) week prior to the hearing (or as soon as possible) so arrangements can be made.**

Case No.: 3:19-cv-77-HTC